IN THE UNITED STATES DISTRICT COURT

for the NORTHERN DISTRICT of INDIANA

HAMMOND DIVISION

| | |
|---|---|
| SINISA PETKOVICH ) | |
|    Plaintiff, ) | |
| ) | Case No.: |
| v. ) | |
| ) | JURY DEMAND |
| ) | |
| ARCELORMITTAL USA ) | |
|    Defendant. ) | |

**Complaint and Jury Demand**

Comes now Plaintiff, Sinisa Petkovich, by and through his counsel, Bryan K. Bullock, and for his Complaint against the Defendant, states as follows:

**I.  JURISDICTION**

1. The action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e)(5), as amended by the Civil Rights Act of 1991.

2. All preconditions to jurisdiction under § 706 of Title VII, 42 U. S. C. § 2000e-5(f) (3), have been satisfied.

   a. Plaintiff filed a charge of employment discrimination on the basis of National Origin and Age, with the Equal Employment Opportunity Commission (EEOC) within 300 days of the alleged employment discrimination. The discriminatory actions were "continuing violations" which occurred over several months.

   b. The EEOC issued a "right to sue" letter to plaintiff on March 18, 2020.

   c. Plaintiff received the notice from the Indianapolis office of the EEOC on or about March 20, 2020.

    d. Plaintiff filed his Complaint within 90 days of receiving the "Right to Sue" letter from the EEOC.

3. This action also arises under 42 U.S.C. §1981 for national origin discrimination.

## PARTIES

4. At all times relevant to his Complaint, Plaintiff, Sinisa Petkovich, has resided in the State of Indiana and is a citizen of the United States.

5. At all times relevant hereto, ArcelorMittal USA (Defendant) is a private corporation, organized under the laws of the State of Indiana. Defendant is and at all times mentioned herein, an employer within the meaning of Title VII of the Civil Rights Act of 1964 (Title VII) and 42 US.C. §1981.

6. Plaintiff is an American of Serbian descent.

7. Plaintiff is over the age of forty (40).

8. At all relevant times, Plaintiff was an employee of the Defendant.

9. At all relevant times, Defendant employed more than 15 people.

### III. STATEMENT OF FACTS RELEVANT TO ALL CLAIMS

10. Plaintiff, SINISA PETKOVICH, was an employee of defendant for about twenty (20) years.

11. At the time of his termination, he worked as a Operator Technician.

12. Petkovich was frequently given verbal warnings and write-ups for alleged infractions that non-Serbian and younger employees were not verbally warned or written up for.

13.  Defendant, by its supervisors, told Petkovich to stop talking in his Serbian language to his son, who also works at the defendant's plant.

14.  Employees who speak Spanish or other languages, were not likewise told that they could not speak their native tongue while at work.

15.  Defendant ultimately terminated Petkovich for allegedly sitting in a truck at the job site. Mr. Petkovich is the first person in company's history terminated for such thing.

16.  Petkovich grieved his termination and his case ultimately went to arbitration. The arbitrator ruled that Petkovich was wrongly terminated and reinstated him to his position, concluding he was disparagingly treated comparing how company treated the crane person who off loaded Mr. Petkovich's truck. This particular crane person was not ecen interviewed, let alone disciplined for loading Mr. Petkovich's truck, if he was seating in it.

17. Petkovich was treated differently than his non-Serbian co-workers including, but not limited to, the following ways: not being allowed to speak his native language; being written up for offenses that other employees were not written up for.

20.  Defendant was made aware of the harassment Petkovich endured because he constantly complained of the harassment, to no avail.

## COUNT I

### II.    HOSTILE WORK ENVIRONMENT in violation of Title VII

Plaintiff, SINISA PETKOVICH, by counsel, Bryan K. Bullock, hereby incorporates for purposes of Count I all allegations contained in rhetorical paragraphs 1 through 20, and repleads and reincorporates same as though fully set forth herein.

21. During the course and scope of Plaintiff's employment with defendant, the defendant, by its agents, servants, supervisors and/or co-employees, among others, acting within the course and scope of their employment, and in their individual and official capacities, demonstrated a continuous, repetitious and degenerative cycle and pattern of ethnic based discrimination against the Plaintiff and created a hostile work environment, which the defendant condoned and ratified, took no action to stop, and performed willfully or wantonly against the Plaintiff, while defendant was aware or should have been aware of such misconduct by and through its agents, employees, servants and supervisors, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e)(5), as amended by the Civil Rights Act of 1991. The defendant created a hostile work environment for Petkovich based on his ethnicity, Serbian, in violation of Title VII.

28. Defendant, by its conduct, has caused Petkovich to suffer compensatory damages, along with future economic, physical and emotional harm.

29. Defendant's conduct was intentional and with reckless disregard for the rights of Plaintiff.

**WHEREFORE**, the Plaintiff, SINISA PETKOVICH, by counsel, Bryan K. Bullock, requests relief of the Court consisting of all compensatory and punitive damages, equitable relief and costs, attorney fees, expert witness fees, and all other just and proper relief in the premises, against defendant.

## COUNT II

## VIOLATION OF 42 U.S.C. §1981 BY NATIONAL ORIGIN AND RETALIATION

The Plaintiff, SINISA PETKOVICH, by counsel Bryan K. Bullock, hereby incorporates for purposes of Count II all allegations contained in rhetorical paragraphs 1 through 29, repleads and reincorporates same as though fully set forth herein.

30. Defendant has intentionally discriminated against Petkovich in violation of Section 1981 of the Civil Rights Act of 1866 by maintaining a pervasive atmosphere perpetuating discrimination, including:

(a) maintaininig a racially hostile work environment, based on Petkovich's Serbian descent that was severe or pervasive enough to alter his terms and conditions of employment;

(b) intentionally denying him the terms and conditions of employment based on his ethnicity; and

( c ) retaliating against him for asserting his rights.

31. Defendant willfully and wantonly, with knowledge of its violation of various civil rights laws, denied Plaintiff the right to enforce the rights and benefits of his employment relationship, namely by forcing him to resign because he reported his complaints about ethnic discrimination against him. Damages for retaliation are unequivocally adopted by 42 U.S.C. §1981, as amended.

32. Plaintiff was repeatedly and publicly singled out for harassment, humiliation by defendant's agents on the basis of his ethnicity/ national origin.

**WHEREFORE**, the Plaintiff, SINISA PETKOVICH, by counsel, Bryan K. Bullock, requests relief of the Court consisting of all compensatory and punitive damages, equitable relief and costs, attorney fees, expert witness fees, and all other relief just and proper in the premises, against defendant.

## COUNT III-AGE DISCRIMINATION

33. Plaintiff realleges and incorporates in this Count I paragraphs 1-32.

34. Petkovich's age was a determning factor in Defendant's decision to fire hire him.

35. Defendant, by its agents, wrote up and ultimately terminated Petkovich and retained younger employees with similar or more numerous write-ups.

36. Defendant knowingly and willfully discriminated against Petkovich on the basis of his age in violation of the ADEA by disciplining him and firing him while retaining younger employees who committed the same alleged infractions as he was accused of, but who had less seniority, all due to his age.

**WHEREFORE**, the Plaintiff, SINISA PETKOVICH, by counsel, Bryan K. Bullock, requests relief of the Court consisting of all compensatory and punitive damages, equitable relief and costs, attorney fees, expert witness fees, and all other relief just and proper in the premises, against defendant.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, SINISA PETKOVICH, prays for:

a. A settlement conference pursuant to Federal Rule of Civil Procedure 16 to assist his and defendant to settle this case;

b. Wages, employment benefits, and other compensation lost to him as a result of defendant's discriminating against him on the basis of his national origin and age;

c. Prejudgment interest at the prevailing rate on the award of back pay, lost employment benefits, and other compensation lost to him as a result of defendant's discriminating against him on the basis of his age and ethnicity;

e. Compensatory damages for the harm he suffered as a result of defendant's discrimination against him on the basis of his race;

f. Exeplary damages;

g. Reasonable attorney's fees, expert witness fees, expenses and costs of this action and of prior administrative actions; and

h. Such other relief as this Court deems just and appropriate

i. For all othe equitable and legal relief to which Plaintiff appears entitled.

### VII. JURY DEMAND

Plaintiff hereby requests and demands a trial by jury on all issues properly submissible to a jury.

s/Bryan K. Bullock
Bryan Bullock (Atty. No. 22812-45)
The Law Office of Bryan K. Bullock
Attorney for Plaintiff
9800 Connecticut Drive
Crown Point, Indiana 46307
P/219-472-1546
attybullock@yahoo.com

### CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of June, 2020, service of a true and complete copy of the attached and foregoing pleading was made upon all counsel of record by depositing same in the U.S. Mail in envelopes properly addressed and with sufficient first-class postage affixed.

s/Bryan K. Bullock
Bryan K. Bullock