**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

SINISA PETKOVICH,                    )
     Plaintiff,                    )
                      )
v.                    )     CAUSE NO.: 2:20-CV-234-JTM-JEM
                      )
ARCELORMITTAL USA,                    )
     Defendant.                    )

**FINDINGS, REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE PURSUANT TO**
**28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint [DE 27], filed November 16, 2020, and Plaintiff's Second Motion for Leave to Amend Complaint [DE 42], filed February 10, 2021.

On May 28, 2021, District Court Judge James T. Moody entered an Order [DE 47] referring Defendant's Motion to Dismiss to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The motion to amend is not subject to the Order of Referral.

For the following reasons, the Court grants in part the motion to amend and recommends that the District Court deny Defendant's Motion to Dismiss as moot.

**I.    Background**

On June 18, 2020, Plaintiff filed a Complaint alleging that he was discriminated against by Defendant, his employer, because of his age and national origin. On August 27, 2020, Defendant filed a motion to dismiss several of Plaintiff's claims, and on October 10, 2020, Plaintiff filed a motion to amend his Complaint, which was granted on October 27, 2020, rendering the motion to

dismiss moot. On November 16, 2020, Defendant filed the instant motion to dismiss the Amended Complaint. Defendant filed the instant motion to amend and a response to the motion to dismiss on February 10, 2021. On February 16, 2021, Defendant filed a reply in support of its motion to dismiss, then filed a response to the motion to amend on February 17, 2021. Plaintiff did not file a reply, and the time to do so has passed.

## II.    Standard of Review

Federal Rule of Civil Procedure 15(a) provides that, "a party may amend its pleading . . . with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, if the underlying facts or circumstances relied upon by a plaintiff are potentially a proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). However, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman*, 371 U.S. at 183).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526

2

F.3d 1074, 1082 (7th Cir. 2008). To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082. The Seventh Circuit Court of Appeals has explained that "[t]he complaint 'must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (quoting *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Serv.*, 536 F.3d 663, 668 (7th Cir. 2008)).

### III.    Analysis

Defendant argues that Plaintiff's age discrimination claim, included in both the Amended Complaint and proposed Second Amended Complaint, is futile because Plaintiff failed to timely file a charge of age discrimination with the EEOC and therefore failed to exhaust his administrative remedies. Plaintiff argues that the proposed amendment cures any deficiencies in the Amended Complaint.

Plaintiff did not attach his EEOC charge to his pleadings, nor does he include the date he filed his charge in the pleadings or in his briefs. Defendant included a copy of the EEOC charge as an attachment to the motion to dismiss, and the Court notes that it can consider the document without converting the motion to a motion for summary judgment because the document is referred

to in and integral to Plaintiff's Complaint. Fed. R. Civ. P. 12(d); *Wright v. Assoc'd Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994) ("[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. Such documents may be considered by a district court in ruling on the motion to dismiss.").

"A plaintiff must file a timely charge with the EEOC encompassing the acts complained of as a prerequisite to filing suit in federal court." *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 863 (7th Cir. 1985) (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974)). Requiring a plaintiff to first file with the EEOC "serves two purposes: affording the EEOC the opportunity to settle the dispute between the employee and employer, and putting the employer on notice of the charges against it." *Sitar v. Ind. DOT*, 344 F.3d 720, 726 (7th Cir. 2003) (citations omitted). In Indiana, Plaintiff had to file his age discrimination claim with the EEOC within 180 days of the unlawful employment practice - in this case, his termination, which he reports occurred on June 20, 2019. *See* 29 U.S.C. § 626(d)(1); *Fugate v. Dolgencorp, LLC*, 555 F. App'x 600, 603 (7th Cir. 2014); *EEOC v. N. Gibson Sch. Corp.*, 266 F.3d 607, 617 (7th Cir. 2001), *overruled in part on unrelated grounds by EEOC v. Waffle House*, 534 U.S. 279 (2002) ("Because Indiana is a non-deferral state for purposes of establishing the statutory period within which an employee must file charges of age discrimination, [the] charges had to be filed within 180 days of the unlawful employment practice.") (citing); *Daugherity v. Traylor Bros., Inc*., 970 F.2d 348, 350 n. 2 (7th Cir.1992). "[F]ailure to file timely with the EEOC is not an absolute jurisdictional bar, but rather a condition precedent to suit. The time limit for filing with the EEOC may toll if plaintiffs are able to show an equitable reason justifying their delay." *Shoemaker v. Indiana Fam. & Soc. Servs. Admin.*, 172 F.3d 53 (7th Cir. 1998).

4

Plaintiff's EEOC charge, claiming discrimination in the form of retaliation for national origin and age, was filed on February 19, 2020, which is 205 days after the July 20, 2019, date of the alleged wrongful termination. Defendant argues that because the EEOC charge for age discrimination was not filed within 180 days of the allegedly unlawful firing, he has not exhausted his administrative remedies and cannot bring an age discrimination claim based on the EEOC charge in this Court. Accordingly, Defendant argues, the motion to amend should be denied as futile with respect to the age discrimination claim, and it should be dismissed from the suit. Plaintiff argues only that his proposed "Second Amended Complaint resolves the issues raised in Defendant's Motion to Dismiss," but does not assert that the dates described by Defendant are incorrect, explain why his EEOC charge was timely, or argue that the time limit for filing the claim was tolled. Plaintiff's age discrimination claim is time-barred, and the proposed Second Amended Complaint does not remedy that defect. Accordingly, amendment will not be permitted as to that claim.

Defendant does not argue that Plaintiff's Proposed Second Amended Complaint is otherwise futile or prejudicial, or that Plaintiff is acting in bad faith. Plaintiff should be afforded an opportunity to test the claim on the merits, so amendment is permitted other than as to the age discrimination claim. Because the motion to amend is granted as to all but that claim, the motion to dismiss is moot, and the Court will recommend that it be denied as moot.

## IV.    Conclusion

For the foregoing reasons, the Court hereby **GRANTS in part** Plaintiff's Second Motion for Leave to Amend Complaint [DE 42] and **ORDERS** that Plaintiffs shall have through **June 28, 2021**, within which to file a Second Amended Complaint, except that it may not include a claim for age discrimination, as described above. The Court **RECOMMENDS** that the District Court **DENY as**

**moot** Defendant's Motion to Dismiss Plaintiff's Amended Complaint [DE 27].

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

SO ORDERED this 21st day of June, 2021.

 s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES MAGISTRATE JUDGE

cc:    All counsel of record

6